```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         ORLANDO DIVISION
```

MID-CONTINENT CASUALTY
COMPANY,

    Plaintiff,

v.                                        Case No:   6:17-cv-1512-Orl-41TBS

STANLEY HOMES, INC., KIMBERLY W.
CRAWFORD and GILLES PESANT,

    Defendants.
_____

## ORDER

    This case comes before the Court without a hearing on Defendants, Kimberly W Crawford and Gilles Pesant's (the "Homeowners") Amended Motion for Extension of Time to Comply with Case Management Deadlines and Motion for Protective Order Regarding Unilaterally-Scheduled Depositions (Doc. 42).

    The Homeowners employed Defendant Stanley Homes, Inc. (the "Builder") to develop, design, and build them a home in Brevard County, Florida (Doc. 32-2, ¶ 10). After the home was finished, the Homeowners concluded that the Builder's work was defective such that the home is unfit for occupancy (Id., ¶¶ 73, 80, 90, 95-137). The Homeowners have brought their claims against the Builder in a lawsuit pending in the state court (Id.).

    The Builder asserts that the Homeowners' claims are covered under two insurance policies issued by Plaintiff Mid-Continent Casualty Company (the "Insurer") (Doc. 32, ¶ 8). The Insurer denies coverage and is currently defending the Builder in the state court case under a full reservation of rights (Id., ¶ 26). The Insurer filed this action for a declaration that it has no duty to indemnify the Builder against the Homeowners' claims (Id. at ¶ 32).

In October 2017, the parties filed their Case Management Report in which they agreed that the Insurer would disclose its expert reports by May 25, 2018 and the Homeowners and Builder would disclose their expert reports by June 29, 2018 (Doc. 22 at 2). The Court accepted this proposal and incorporated these dates into its Case Management and Scheduling Order ("CMSO") entered on November 9, 2017 (Doc. 25 at 1). The deadline to complete all discovery is August 31, 2018, and the case is set for trial during the term beginning March 4, 2019 (Id., at 1-2).

On March 26, 2018, the Insurer's lawyer asked the Homeowners' lawyer for dates in April 2018 to depose the Homeowners (Doc. 43-1 at 8). The Homeowner's lawyer did not respond and on April 3, 2018, the Insurer's lawyer renewed his request for deposition dates. He also stated that if the Homeowners did not supply dates then he would set the depositions unilaterally (Id., at 7). On April 3, the Homeowners replied that they would not be available until May at the earliest (Id., at 5). On April 9, 2018, the Insurer's lawyer asked what dates in May the Homeowners were proposing (Id.). The Court is unaware of any response to this request.

On April 12, 2018, the Insurer's lawyer circulated a list of witnesses he wanted to depose and said that due to the rapidly approaching deadlines for expert disclosures, he needed dates from opposing counsel "as soon as possible." (Id., at 4). Four days later the Homeowners' lawyer said they should wait for the depositions to be taken in the state court case at which time the Insurer's attorney could ask his questions (Id., at 3).

On April 18, 2018 the Insurer's lawyer asked the Homeowners' lawyer to call him (Id.). The Homeowners' lawyer did not call and on April 20 the Insurer's lawyer renewed his request for deposition dates "asap." (Id. at 2). The Insurer's lawyer told the Homeowners' lawyer that in the alternative, the Insurer would set the depositions and the Homeowners could move for a protective order (Id.). On April 27, 2018 the Insurer

unilaterally set the Homeowners' depositions for May 9 and two other depositions for May 11, 2018 (Doc. 42-1 at 23-47).

The Homeowners seek a protective order precluding the taking of these depositions because they were unilaterally set, and because it would be a waste of resources to take the depositions here, before they are taken in the state court case (Doc. 42, ¶¶ 5-8). The Homeowners also seek an order extending for 120 days, the deadlines for the parties' to make their expert disclosures (Id., ¶¶ 9-10). The Insurer opposes the motion (Doc. 43).

The Court may issue a protective order to limit or eliminate discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause" by the movant. FED. R. CIV. P. 26(c)(1). The moving party carries the burden of showing good cause for the entry of a protective order. In re Deutsche Bank Trust Co., 605 F.3d 1373, 1378 (Fed. Cir. 2010). Good cause requires a specific demonstration of facts to support the motion; conclusory statements about need and harm are not sufficient. Baratta v. Homeland Housewares, LLC, 242 F.R.D. 641, 642 (S.D. Fla. 2007). "The litigant seeking the protective order must articulate the injury with specificity." United States v. Dentsply Int'l, Inc., 187 F.R.D. 152, 158 (D. Del. 1999) (citations omitted). "In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection" because "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Trinos v. Quality Staffing Servs. Corp., 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986).

"If a sufficient showing of good cause is made, the burden then shifts to the non-moving party to show why relief should still not be granted, either because of undue

prejudice or the importance of the discovery at issue." New World Network, Ltd. v. M/V Norwegian Sea, No. 05-22916-CIV-JORDAN/TORRES, 2007 U.S. Dist. LEXIS 25731, at * 3 (S.D. Fla. April 6, 2007).

Although good cause is the standard under Rule 26(c), courts in the Eleventh Circuit "have superimposed a somewhat more demanding balancing of interests approach to the Rule." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985); Cf. Ekokotu v. Fed. Express Corp., 408 F. App'x 331, 336 (11th Cir. 2011) (citing McCarthy v. Barnett Bank of Polk Cnty., 876 F.2d 89, 91 (11th Cir. 1989)). This requires the court to balance the parties' interests when deciding whether the discovery should be permitted.

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). The Homeowners argue that the Insurer violated this rule and the common law when it unilaterally set the depositions (Doc. 42, ¶ 6). The Homeowners rely on Karakis v. Foreva Jens Inc., which states:

> The Court views with concern the unilateral scheduling of depositions absent the inability of the parties, after a good faith effort, to agree on mutually convenient dates. The unilateral setting of depositions (especially coupled with an unwillingness by counsel to reschedule the deposition date) leads to the filing of unnecessary motions, as demonstrated in this case. Such motions are a waste of the parties' time and money, as well as a waste of scarce judicial resources.

No. 08-61470-CIV, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009). The Court agrees with this discussion in Karakis. And, in an effort to prevent this waste, our Local Rules provide:

> Unless otherwise stipulated by all interested parties pursuant to Rule 29, FED. R. CIV. P., and excepting the circumstances governed by Rule 30(a), FED. R. CIV. P., a party desiring to take the deposition of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other

> party to the action and to the deponent (if the deponent is not
> a party).

M.D. FLA. Rule 3.02.

While it is true that the depositions were set unilaterally, that did not occur until after the Insurer had attempted for a month to coordinate the depositions. Only then, and faced with an approaching deadline to make its expert disclosures, did the Insurer act unilaterally. Counsel are obligated to cooperate to insure that discovery occurs in an orderly, timely fashion. Here, the Court faults the Homeowners for not being more cooperative in setting the depositions. The Court also faults the Insurer for not seeking judicial assistance before unilaterally scheduling the depositions.

The Homeowners do not claim that they are unavailable on the dates selected by the Insurer, they have not proposed any alternative dates, and they have not explained why they will be prejudiced if the depositions go forward as scheduled. Consequently, the Homeowners' first ground does not demonstrate good cause for the issuance of a protective order.

The Homeowners' second ground is that the parties should not depose witnesses in this case until after they are deposed in the state court action or, that the depositions should be taken simultaneously in both cases (Doc. 42, ¶ 8). The Homeowners argue that this will prevent the waste of the parties' resources (Id.). The Insurer counters that this is both unnecessary and would effectively violate FLA. STAT. § 627.4136(1) (Doc. 43 at 3). The Court does not reach the Insurer's arguments. It is sufficient to say that the Homeowners have not shown good cause to modify the CMSO which controls the case.

Lastly, the Homeowners seek an order extending for 120 days, the deadlines for the parties to make their expert disclosures (Doc. 3, ¶¶ 9-10). Because these deadlines were established in the CMSO they can only be modified "upon a showing of good

cause."[1] Fed. R. Civ. P. 16(b). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee note). "'If [a] party was not diligent, the [good cause] inquiry should end.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). The Homeowners have failed to demonstrate that the current expert disclosure deadlines cannot be met despite the parties' diligence.

For these reasons, the Homeowners' Amended Motion for Extension of Time to Comply with Case Management Deadlines and Motion for Protective Order Regarding Unilaterally-Scheduled Depositions (Doc. 42) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] The CMSO informed the parties that:

> Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed.R.Civ.P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline. The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

(Doc. 25 at 4-5).